IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| FEI DENG,<br><br>                Plaintiffs<br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>                Defendants. | **Case No.:** 24-cv-11813<br><br>**Judge Sunil R. Harjani**<br><br>**Magistrate Judge Young B. Kim** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL AND/OR REDACTED DOCUMENTS FOR GOOD CAUSE**

Plaintiff, by counsel, hereby moves for leave to file the following documents under seal: (1) Schedule A to the Complaint, which includes a list of Amazon, Temu, Alibaba.com and Aliexpress.com Account names used by Defendants, and (2) Exhibit C (attached herewith) which contains screenshots of the Defendants' Internet Store listings.

The Courts frequently seal documents in patent infringement cases to preclude the defendant from learning the case until its assets can be restrained or seized. *See, e.g., Chrome Cherry Ltd. v. Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 21-CV-05491, 2021 WL 6752296 (N.D. Ill. Oct. 20, 2021); *Modine Mfg. Co. v. Borg-Warner, Inc.,* No. 12-CV-815-JPS, 2013 WL 5651381 (E.D. Wis. Oct. 15, 2013).

In determining whether to seal a document, the Court must independently determine whether "good cause" exists to seal the requested information from the public record. See Fed. R. Civ. P. 26(c); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir. 1999). The Court found good cause and granted the motion to file under seal the list of defendants and *ex parte* motion for a temporary restraining order in a case where the plaintiff filed an action to combat the defendants' infringement of its patented

design by creating e-commerce stores that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products to unknowing consumers. *Chrome Cherry Ltd.,* 2021 WL 6752296, at *2.

In this case, Plaintiff has a strong interest in preventing the Defendant from discovering the suit's existence. Plaintiff has moved for a temporary asset restraint. If the documents identified above are not redacted and/or filed under seal, the Defendants will receive notices that their assets are at risk, and they will have the incentive to move them beyond the jurisdiction of this and other U.S. courts before they can be restrained.[1] Plaintiff will suffer irreparable harm if the Defendants can transfer their assets in this manner. Accordingly, Plaintiff has good cause and strong interest in temporarily sealing the above-referenced documents, and this interest substantially outweighs the general interest in access to court records.

Accordingly, Plaintiff respectfully requests by leave to temporarily file under seal and/or file redacted versions of the following documents: (1) Schedule A to the Complaint and (2) Exhibit C (attached herewith).

---

[1] Plaintiff believes that the Defendants are Chinese companies or individuals with overseas bank accounts not subject to this Court's jurisdiction. See generally Verified Complaint.

Once the temporary restraining order has been served to the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

DATED: November 15, 2024　　　　　　　　Respectfully Submitted:

_____
Robert M. DeWitty
DeWitty and Associates
Attorney for Plaintiff
1500 K Street,
2nd Floor RM 249B
Washington DC 20005
Email: admin@dewittyip.com;
　　　rmdewitty@dewittyip.com
Tele: 2025717070